of Elections." The results of Special Term's line by line check of those signatures are necessary to enable us to review this matter. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur; Weinstein, J., not voting.

■ In the Matter of CALVIN C. G. WILLIAMS, Respondent, v FRANK X. GARGIULO et. al., Constituting the Board of Elections of the City of New York, Respondents, and JOSEPH HARVEY et al., Appellants.—In a proceeding, *inter alia,* to invalidate a petition designating Leonard Vaughn *et al.,* as candidates in the Liberal Party primary election to be held on September 9, 1980 for the office, *inter alia,* of .Assembly District Leader from the 32nd Assembly District, the appeal is from a judgment of the Supreme Court, Queens County, dated August 18, 1980, which, *inter alia,* granted the application. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. Petitioner Calvin C. G. Williams was not a proper party to bring the instant proceeding to invalidate the appellants' designating petition. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur; Weinstein, J., not voting.

■ In the Matter of CALVIN C. G. WILLIAMS, Appellant, v LEONARD VAUGHN et al., Respondents. In the Matter of LEONARD VAUGHN, Respondent, v FRANK X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents, and CALVIN C. G. WILLIAMS, Appellant.—In proceedings, *inter alia,* to (1) validate a petition designating Calvin C. G. Williams *et al.,* as candidates in the Liberal Party primary election to be held on September 9, 1980 for the office, *inter alia,* of Assembly District Leader, from the 32nd Assembly District and (2) invalidate said designating petition, the appeals are from two judgments of the Supreme Court, Queens County, both dated August 18, 1980, the first of which, *inter alia,* granted the application to invalidate and the second of which, *inter alia,* denied the application to validate the designating petition. Judgments reversed, on the law, without costs or disbursements, application to validate the designating petition granted, application to invalidate the designating petition dismissed and the Board of Elections is directed to place the names of the candidates in question on the appropriate ballots. Special Term invalidated the designating petition of appellant candidate Calvin C. G. Williams and others on the ground that there were "irregularities" appearing on said petition. These "irregularities" appeared on six pages of the petition, where crosses were made through vacant signatory lines, and were initialed at four corners by candidate Williams, with the initials of the subscribing witness superimposed over those of Williams. We find that these do not constitute "irregularities" warranting invalidation of the petition, and Special Term erred in so holding. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur; Weinstein, J., not voting.

■ In the Matter of OWEN AUGUSTIN, Appellant, v ESPERANZA V. STRONG et al., Respondents. In the Matter of ESPERANZA V. STRONG et al., Respondents, v OWEN AUGUSTIN, Appellant, et al., Respondents.—In proceedings, *inter alia,* to (1) validate petitions designating Owen Augustin as a candidate in the Democratic Party primary election to be held on September 9, 1980 for the public office of Representative to the United States Congress from the 12th Congressional District and (2) invalidate said designating petitions, the appeals are from two judgments of the Supreme Court, Kings County, both dated August 20, 1980, the first of which, *inter alia,* dismissed the application to validate and the second of which, *inter alia,* granted the application to invalidate the designating petitions. Judgments affirmed,

without costs or disbursements. No opinion. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.